# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Chidi N. Anunka, | Civil No. 12-2071 (DWF/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| City of Burnsville, | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendant City of Burnsville's Motion to Dismiss (ECF No. 5). All dispositive and nondispositive motions were referred to this Court in an Order of Reference dated September 13, 2012 (ECF No. 8). Because Plaintiff Chidi N. Anunka's sole claim is time-barred, the Court recommends that the motion be granted and the case be dismissed with prejudice.

## I. BACKGROUND

Plaintiff Chidi N. Anunka is representing himself in this matter. His sole claim, for wrongful seizure and retention of money, arises under 42 U.S.C. § 1983. Plaintiff alleges that on May 10, 1987, the Burnsville Police Department intercepted a package for delivery from Minneapolis to Burnsville. (Compl. ¶ 7.) A police officer contacted Plaintiff for questioning and told him the package had a "serious problem." (*Id.*) The officer asked Plaintiff for information about the package, including the delivery voucher, and instructed Plaintiff to surrender all money in his possession. (*Id.*) The officer promised the money would be returned soon, but it never was. (*Id.*)

Fifteen years later, in May 2002, Plaintiff contacted Defendant about the money, but Defendant did not respond. (*Id.*) In April 2012, Plaintiff contacted Defendant again, and the Burnsville Police Chief told Plaintiff that all records of the alleged seizure had been destroyed. (*Id.*) Plaintiff does not recall how much money was seized. (*Id.*)

Plaintiff filed suit on August 23, 2012. In lieu of answering the complaint, Defendant moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiff's claim is barred by the applicable statute of limitations.

## II. DISCUSSION

Dismissal under Rule 12(b)(6) is proper when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Allegations that are "merely consistent with" liability are insufficient to create plausibility. *Id.* (quoting *Twombly*, 550 U.S. at 557). Pleadings filed by pro se parties must be construed liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but "still must allege sufficient facts to support the claims advanced," *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Defendant's only argument for dismissal is that Plaintiff's claim is barred by the applicable limitations period. Although § 1983 gives rise to a federal cause of action, the Court looks to Minnesota state law to provide the statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Specifically, the statute of limitations for personal-injury torts applies to § 1983

claims. *Id.* In Minnesota, the statute of limitations for intentional torts is two years, Minn. Stat. § 541.07(1), and negligence-based claims are subject to a six-year limitations period, Minn. Stat. § 541.05, subd. 1(5). Thus, the maximum statute of limitations applicable to a § 1983 claim is six years. *See Strandlund v. Hawley*, 532 F.3d 741,746 (8th Cir. 2008) (finding Minnesota's six-year statute of limitations applied to a § 1983 claim grounded in negligence); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618 n.3 (8th Cir. 1995) ("In Minnesota, § 1983 claims are governed by the six-year limitations period of Minnesota's personal-injury statute, Minn. Stat. § 541.05, subd. 1(5).").

In the case at hand, Plaintiff alleges that a wrongful seizure occurred in 1987, twenty-five years before he commenced this action. Thus, at first blush, it appears that Plaintiff's claim is time-barred. Plaintiff argued at the motion hearing, however, that his cause of action did not accrue until April 2012 when he learned the records of the seizure had been destroyed.

The accrual date for a § 1983 claim is a matter of federal law. *Wallace*, 549 U.S. at 388. Under federal law, a claim accrues "when the plaintiff has 'a complete and present cause of action.'" *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997) (quoting *Rawlings v. Ray*, 312 U.S. 96, 98 (1941)). A cause of action is "complete and present" when the "plaintiff can file suit and obtain relief." *Id.*

There are three possible dates advanced by the parties as the accrual date: 1987, 2002, and 2012. Assuming the initial seizure of money was unlawful, Plaintiff could have requested its return in 1987. Alternatively, when Plaintiff's request went unanswered in May 2002—fifteen years later—he could have initiated a state court action and obtained relief. Plaintiff's alleged discovery that the seizure records had been destroyed in April 2012, however, had no bearing on

3

whether the seizure or the retention was unlawful. Thus, the Court must measure from 1987 or 2002. Under either scenario, Plaintiff's claim accrued more than six years before he filed suit.

Plaintiff also suggested at the hearing that the statute of limitations should be tolled due to health concerns and difficulties he encountered as a small business owner. Equitable tolling is determined by principles of state law. *Montin v. Estate of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011). In Minnesota, ignorance of a cause of action typically does not toll a statute of limitations. *See Wild v. Rarig*, 234 N.W.2d 775, 794 (Minn. 1975). Thus, to the extent Plaintiff was distracted by or focused on business affairs instead of seeking to recover the seized funds, this would not be a basis to toll the statute of limitations. Indeed, another court in this District concluded previously that Plaintiff's business and financial difficulties did not constitute grounds to toll a limitations period applicable to his discrimination claims. *Anunka v. Campbell*, Civ. No. 00-1030 (JRT/FLN), slip op. at 3 (D. Minn. Dec. 26, 2000), *aff'd*, 13 F. App'x 475, 476 (8th Cir. 2001).

With respect to Plaintiff's alleged health concerns, Minnesota Statute § 541.15 provides for a period of tolling when a plaintiff is under a disability. As defined in the statute, "disability" includes the following grounds:

> (1) that the plaintiff is within the age of 18 years;
>
> (2) the plaintiff's insanity;
>
> (3) [the plaintiff] is an alien and the subject or citizen of a country at war with the United States;
>
> (4) when the beginning of the action is stayed by injunction or by statutory prohibition.

Minn. Stat. § 541.15(a). The only ground pertaining to a health condition is insanity.

The Minnesota Supreme Court has defined "insanity" in the context of § 541.15(a)(2) as the "substantial inability, by reason of mental defect or deficiency, to understand one's legal rights, manage one's affairs, and prosecute the claim." *Harrington v. Ramsey County*, 279 N.W.2d 791, 795 (Minn. 1979). Plaintiff has not alleged, in the complaint itself or otherwise, any facts to support a finding that he was substantially unable to understand his legal rights, manage his affairs, or prosecute his claim. Moreover, even if he had, § 541.15(a) limits the tolling period in cases of insanity to a maximum of five years and for no more than one year after the disability ceases. Due to these time constraints, the limitations period could not be tolled long enough to save Plaintiff's twenty-five year-old claim.

Without alleging so explicitly, Plaintiff implied at the hearing that Defendant may have fraudulently concealed his cause of action by leading him to believe the investigation of the package was ongoing. To toll the limitations period based on fraudulent concealment, Plaintiff must allege facts demonstrating "that the concealment could not have been discovered sooner by reasonable diligence," that the concealment was not due to Plaintiff's own negligence, and that the concealment was fraudulent or intentional. *See Collins v. Johnson*, 374 N.W.2d 536, 541 (Minn. Ct. App. 1985). In addition, Plaintiff must "plead an affirmative act or statement in furtherance of the fraud." *See Thunander v. Uponor, Inc.*, --- F. Supp. 2d ----, Civ. No. 11-2322 (SRN/SER), 2012 WL 3430749, at *12 (D. Minn. Aug. 14, 2012) (Nelson, J.). A failure to plead any of the required elements is fatal to a request for tolling based on fraudulent concealment. *Doe v. Order of St. Benedict*, 836 F. Supp. 2d 872, 876 (D. Minn. 2011) (Frank, J.).

Here, Plaintiff has not pled an affirmative act of concealment—either fraudulent or intentional in nature—by Defendant. Nor has Plaintiff pled any allegations creating an inference that the concealment could not have been exposed through reasonable diligence. To the contrary,

Plaintiff alleges that while the seizure occurred in 1987, he did not contact Defendant about the money until 2002, fifteen years later. The Court is not persuaded by Plaintiff's representations at the hearing that an amended pleading would cure the deficiencies.

There is one final matter to address: whether Plaintiff's claim should be dismissed with or without prejudice. Plaintiff argued at the hearing that dismissal should be without prejudice, referring the Court to *Ebersen, Inc. v. City Council of Minneapolis*, Civ. No. 03-6482 (RHK/AJB) (D. Minn. filed Dec. 30, 2003). In that case, Plaintiff attempted to appear on behalf of Ebersen, Inc., even though he was not a licensed attorney. *See id.,* 2004 WL 483165, at *1 (D. Minn. Mar. 11, 2004) (Kyle, J.). Because a layperson may not represent a litigant, and because a corporation can appear only through an attorney, the court dismissed the case without prejudice. *Id.* at *1-2. Unlike *Ebersen*, the present action is not subject to dismissal for representation issues. Rather, dismissal is warranted because Plaintiff's claim is time-barred. Dismissal without prejudice would serve no purpose, and a claim that is untimely under a statutory limitations period is properly dismissed with prejudice. *See Doe*, 836 F. Supp. 2d at 877.

### III. RECOMMENDATION

Plaintiff's claim for wrongful seizure and retention under § 1983 is barred by the applicable statute of limitations. Accordingly, **IT IS HEREBY RECOMMENDED** that:

(1) Defendant City of Burnsville's Motion to Dismiss (ECF No. 5) be **GRANTED**;

(2) This case be **DISMISSED WITH PREJUDICE**; and

(3) **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: November 6, 2012
                                            s/ *Jeanne J. Graham*
                                            JEANNE J. GRAHAM
                                            United States Magistrate Judge

## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **November 21, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.